## Fitzgerald v. South Covington & Cincinnati Street Railway Company.

(Decided November 18, 1921.)

### Appeal from Kenton Circuit Court.

1. Street Railroads—Actions for Injuries.—In an action for damages against a street car company, caused by the collision of a street car with the motor car of the fire department, there being evidence from which the jury might have believed that the sole cause of the accident was the negligence of those in charge of the motor car of the fire department there was evidence to sustain a verdict for the defendant.

2. Street Railroads—Actions for Injuries.—In such an action an instruction that if the jury should believe the operator of the fire engine failed to exercise ordinary care in its operation and that such failure was the sole cause of the collision they should find for the defendant did not mislead the jury even if it was erron-

eous; but being in effect only what the court had previously said in another instruction that if there had been no negligence by those operating the street car there should be a verdict for the defendant.

3. New Trial—Newly Discovered Evidence.—On a motion for a new trial upon the ground of newly discovered evidence, even if the evidence was material and would have authorized the court, upon a proper showing, to grant a new trial, there being no showing of diligence the court properly refused it.

WM. A. BYRNE for appellant.

MAURICE L. GALVIN and GALVIN & GALVIN for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Appellant filed this action for damages against appellee, alleging in substance that while he was a passenger on one of appellee's cars on the 13th of November, 1918, at the corner of Fourth street and Madison avenue in Covington, while the said car was turning in from Fourth street to go southward on Madison avenue the servants of the defendant in charge of the operation thereof negligently ran and drove said car into and against an auto hose truck belonging to the fire department of the city of Covington and in the collision resulting therefrom the plaintiff was thrown with great force and violence against the side and front of the car whereby he was injured.

The answer was, in substance, only a traverse, and the parties went to trial on the issue of defendant's negligence, and the jury found a verdict for the defendant. The plaintiff's motion and grounds for a new trial having been overruled, he has appealed.

Fourth street in the city of Covington runs east and west and Madison avenue north and south, and the southbound cars on Madison avenue come into that avenue from the east on Fourth street.

The evidence is that as the car proceeded westward on Fourth street and just before it reached the intersection at Madison avenue, it stopped for some reason connected with its operation, and it then proceeded slowly to round the curve going into Madison avenue to get on to the southbound track of that avenue; that as it rounded the curve there stood on Madison avenue a northbound car in such position as to obstruct the view to the south of the motorman on the southbound car. Just as the southbound car rounded into Madison avenue and got in such

position that the motorman could see southward thereon he saw coming, at a high rate of speed, a short distance away, the auto motor truck of the Covington fire department only about seventy-five to one hundred feet away, and after he saw it he immediately applied his brakes and undertook to back his car again into Fourth street so as to avoid the collision, but it was too late.

The hose truck was responding to a fire alarm and going north on Madison avenue; some blocks before it reached Fourth street the bell which was customarily used by the fire apparatus in that city while responding to a fire alarm got out of fix and would not ring and from that time on those in charge of the fire apparatus used a siren or whistle in lieu of the customary signal given by the bell. The auto hose truck was at the time going at the rate of about twenty miles an hour and the motorman in charge of it as soon as he saw the car rounding into Madison avenue shut off his power and undertook to avoid the collision but was unable to do so.

It will be observed that this collision occurred just two days after the armistice in 1918, at a time when the people in the cities of this land were much excited and accustomed to celebrations growing out of that momentous event. There is evidence by several witnesses that they heard the siren blowing before or about the time the car started to turn from Fourth street into Madison avenue, while the motorman and the conductor and others say they heard no such thing. The evidence, however, seems to be that the siren was blowing continuously and might have been heard by most any one in that section of Fourth street.

But the uncontradicted evidence is that the siren is not the customary signal of the fire department of the city of Covington when responding to a fire alarm, and therefore, even if the conductor and motorman of the car heard the siren it was no notice to them that the fire department of the city was responding to a fire alarm for they were accustomed to hearing the bell rung on such occasions. Not only so, it seems fair and reasonable to presume that during the excitement of the celebrations so prevalent throughout the country at that time over the signing of the armistice, those in charge of the car might fairly have assumed that this unusual noise which they heard was only some form of celebration. There is also evidence that the fire department motor going north on Madison avenue was on the west or left-hand side of the

street, being the wrong side of the street for vehicles going north, and being the same side of the street where the southbound track of the appellee ran.

The contention that the verdict is not sustained by the evidence cannot be sustained. The uncontroverted evidence is that the south-bound car stopped on Fourth street before it went into the curve leading to Madison avenue and that it went slowly round that curve, and while there is evidence from which the jury might have inferred that the motorman and conductor heard the siren or whistle, the jury might well have believed from the fact that this was not the customary signal given by the fire department when responding to an alarm they were not negligent in assuming that the noise emanated from some other source.

Upon motion of the defendant the court gave to the jury an instruction to the effect that if they should believe the operator of the fire engine failed to exercise ordinary care in its operation and that such failure was the sole cause of the collision the jury should find for the defendant, and it is earnestly argued that this was error. The court had in another instruction authorized a recovery for the plaintiff if the jury should believe there was any negligence upon the part of those operating the street car and that such negligence concurred with any negligence of those operating the fire engine. The instruction complained of was only intended to say to the jury, and did say in explicit terms, that if the negligence of those operating the fire engine was the sole cause of the collision and did not concur with any negligence of those in operation of the street car, there should be a verdict for the defendant. The whole issue was whether those in charge of the street car were guilty of negligence, either negligence which solely caused the collision or such negligence as concurred with negligence of those in operation of the fire engine.

Surely the instruction ''A'' given at the instance of the defendant could not have misled the jury even if it had been erroneous. When properly understood it was in effect only what the court had previously said in another instruction, that is, if there had been no negligence of those operating the street car there must be a verdict for the defendant.

On the motion for a new trial appellant filed his affidavit and that of one M. J. Crolley in support of his motion. The affidavit of Crolley says that on the day of the

collision he was on Madison avenue between Fourth and Fifth streets at the time and saw a man at Fourth and Madison avenue motioning with his hands to the motorman to go back, and the car kept coming very slowly until the collision occurred. The affidavit of the plaintiff is that he did not learn until after the trial that Crolley or any one saw any motioning to the motorman of the car to stop or go back.

On these affidavits the contention is made that appellant should have been granted a new trial. Without going into the sufficiency of this evidence it is enough to say that there is no suggestion of anything in appellant's affidavit showing any diligence whatsoever upon his part to procure this evidence before the trial and no suggestion of any reason why he had not procured it.

Even if the .evidence was material or would have authorized upon the proper showing the granting of a new trial, there is no such diligence shown to produce same at the trial as would have justified the court in setting aside the verdict and granting a new trial.

Appellant appears to have had a fair and impartial trial and the verdict of the jury was fully justified by the evidence.

Judgment affirmed.